1
2
3
4
5
6
7
8

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

9

GUSTAVO GARRIDO CASTRO,

Petitioner,

v.

CHRISTOPHER J. LAROSE, in his capacity as Senior Warden, Otay Mesa Detention Center; GREGORY J. ARCHAMBEAULT, in his official capacity as San Diego Field Office Director, U.S. Immigrations and Customs Enforcement; CHAD F. WOLF, in his official capacity as Acting Secretary, Department of Homeland Security; and WILLIAM P. BARR, in his official capacity as U.S. Attorney General,

Respondents.

Case No.:  3:20-cv-00764-BEN-JLB

**ORDER GRANTING MOTION TO FILE DOCUMENTS UNDER SEAL**

**[ECF No. 4]**

Petitioner Gustavo Garrido Castro filed a Petition for Writ Habeas Corpus pursuant to 28 U.S.C. § 2241.  ECF No. 1.  Respondents submitted a Motion to File Documents Under Seal concurrently with their Return to the Petition for Writ of Habeas Corpus.  For the following reasons, the motion is **granted**.

Except for certain documents "traditionally kept secret," federal courts begin a sealing analysis with "a strong presumption in favor of access to court records."  *Foltz v. State Farm Mut. Auto. Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003).  A party seeking to seal a judicial record then must "articulate [] compelling reasons supported by specific

1

factual findings," *id.*, that outweigh the general history of access and the public policies favoring disclosure, such as the "public interest in understanding the judicial process," *Hagestad v. Tragesser,* 49 F.3d 1430, 1434 (9th Cir. 1995).  The Court "conscientiously balance[s] . . . the competing interests" of the public and the party who seeks to keep certain judicial records secret.  *Foltz,* 331 F.3d at 1135.  After considering these interests, if the Court decides to seal certain judicial records, it "base[s] its decision on a compelling reason and articulate[s] the factual basis for its ruling, without relying on hypothesis or conjecture."  *Hagestad*, 49 F.3d at 1434 (citing *Valley Broadcasting Co. v. U.S. Dist. Ct.*, 798 F.2d 1289, 1295 (9th Cir.1986)).

Respondents express a need to disclose Petitioner's medical records to the Court as evidence supporting their Return to the Petition for Writ of Habeas Corpus.  They bring this motion to file those records under seal out of concern for Petitioner's privacy.  The Court is mindful that protection of medical privacy has often been found to be a "compelling reason" for sealing records.  *See Domingo v. Brennan*, 690 Fed. App'x 928, 930-31 (9th Cir. 2017) *and Heldt v. Guardian Life Ins. Co. of Am.*, Case No. 16-cv-885-BAS-NLS, 2018 WL 5920029, at *2 (Nov. 13, 2018) (citing others).  On balance, the potential harm to Petitioner's interests outweighs the public interest here.  Accordingly, the Court exercises its discretion to grant the motion.  *See Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 599 (1978) ("The few cases that have recognized such a right do agree that the decision as to access is one best left to the sound discretion of the trial court, a discretion to be exercised in light of the relevant facts and circumstances of the particular case").

The motion to seal is **GRANTED.**  The Clerk is directed to file the unredacted version of the documents lodged at Docket Number 5-1 under seal.

**IT IS SO ORDERED.**

DATED: October 30, 2020

**HON. ROGER T. BENITEZ**
United States District Judge